UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CENTRAL BOAT RENTALS, INC.                         CIVIL ACTION

VERSUS                                             NO. 23-7152

PONTCHARTRAIN PARTNERS, LLC                        SECTION M (1)


**ORDER & REASONS**

Before the Court is a motion for summary judgment filed by plaintiff Central Boat Rentals, Inc. ("Central Boat").[1]   Defendant Pontchartrain Partners, LLC ("Pontchartrain") responds in opposition,[2] and Central Boat replies in further support of its motion.[3]

On December 4, 2023, Central Boat filed this case alleging that Pontchartrain owes it $45,667.00, plus interest, for an unpaid invoice related to vessel towage services.[4]  Central Boat alleges that on April 7, 2022, it entered into an agreement with Pontchartrain, a vessel charterer, for towage services at the rates and terms set forth in Central Boat's invoice.[5]  Central Boat further alleges that it forwarded the invoice to Pontchartrain on April 21, 2022, and the invoice has not been paid.[6]  Central Boat seeks recovery under theories of open account pursuant to La. R.S. 9:2781 and breach of contract.[7]

On February 20, 2024, after the complaint was served and issue joined, this Court issued a scheduling order setting February 21, 2024, as the date for the parties to exchange initial

---

[1] R. Doc. 13.
[2] R. Doc. 14.
[3] R. Doc. 15.
[4] R. Doc. 1.
[5] *Id.* at 2.
[6] *Id.* at 3.
[7] *Id.* at 3-4.

disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.[8]  The scheduling

order also set March 8, 2024, as the deadline for amendments to pleadings, September 6, 2024, as

the discovery cutoff, and October 7, 2024, as the trial date.

Central Boat filed the instant motion for summary judgment on April 4, 2024, just six

weeks after the scheduling order was entered and initial disclosures exchanged.[9]  It argues that

summary judgment is warranted because the invoice proves that Pontchartrain owes it the amount

shown therein, plus interest.[10]  In opposition, Pontchartrain argues that summary judgment is

premature because the parties have not exchanged any discovery.[11]  Pontchartrain states that it

needs discovery to determine: who at Pontchartrain entered into the contract; whether it was

written or verbal; what the terms of that contract were and whether it was subject to customary

practices; and whether the contract provided for interest and at what rate.[12]  In reply, Central Boat

argues that Pontchartrain should have already commended and obtained the discovery and

contends that the invoice and declaration supporting it are enough to sustain Central Boat's burden

on summary judgment.[13]

This case is only in its early stages.  The motion for summary judgment was filed shortly

after the scheduling order was issued and long before the discovery deadline.  And Pontchartrain

points to several issues of material fact that may be relevant to deciding the dispute posed in this

case.  More time is warranted to allow the parties to develop the record on these factual issues, but

Pontchartrain is cautioned that it should proceed with diligence to do so.

---

[8] R. Doc. 12 at 2.
[9] R. Docs. 12; 13.
[10] R. Doc. 13-2 at 1-5.
[11] R. Doc. 14 at 1-5.
[12] *Id.* at 4.
[13] R. Doc. 15 at 1-3.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Central Boat's motion for summary judgment (R. Doc. 13) is DENIED without prejudice to its reurging summary judgment after the parties have engaged in meaningful discovery or, at least, have had the additional opportunity to do so.

New Orleans, Louisiana, this 2nd day of May, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE