UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CENTRAL BOAT RENTALS, INC.                                       CIVIL ACTION

VERSUS                                                                         NO. 23-7152

PONTCHARTRAIN PARTNERS, LLC                               SECTION M (1)

### ORDER & REASONS

Before the Court is a renewed motion for summary judgment filed by plaintiff Central Boat Rentals, Inc. ("Central Boat"),[1] to which defendant Pontchartrain Partners, LLC ("Pontchartrain") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

I.   **BACKGROUND**

On December 4, 2023, Central Boat filed this case for unpaid towage services pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and asserting admiralty jurisdiction under 28 U.S.C. § 1333.[3] Central Boat alleges that on April 7, 2022, it entered into an agreement with Pontchartrain, a vessel charterer, for towage services and that Central Boat performed those towage services according to Pontchartrain's request and instructions at the rates and terms set forth in Central Boat's invoice.[4] The invoice, which is dated April 21, 2022, states that Central Boat used its tugboats to pick up two deck barges, two spud barges, and one mud tug for Pontchartrain and transported them all to a worksite at Grand Lake Bridge, and then brought all the equipment to a

---

[1] R. Doc. 22.
[2] R. Doc. 23.
[3] R. Doc. 1 at 1.
[4] *Id.* at 2.

jobsite at the Houston Ship Channel.[5] The charges for tug usage, fuel, and excise taxes are itemized and shown to total $45,667.08.[6] The invoice makes no reference to interest or attorney's fees.[7] Central Boat further alleges that it forwarded the invoice to Pontchartrain on April 21, 2022, and the invoice has not been paid.[8] Central Boat seeks recovery of the unpaid balance, plus interest at the Louisiana legal rate, under theories of breach of contract and open account pursuant to La. R.S. 9:2781.[9] Additionally, Central Boat seeks attorney's fees under Louisiana's open account statute.[10]

On February 20, 2024, after the complaint was served and issue joined, this Court issued a scheduling order setting February 21, 2024, as the date for the parties to exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.[11] The scheduling order also sets March 8, 2024, as the deadline for amendments to pleadings, September 6, 2024, as the discovery cutoff, and October 7, 2024, as the trial date.

Central Boat filed its first motion for summary judgment on April 4, 2024, just six weeks after the scheduling order was entered and initial disclosures exchanged.[12] It argued that summary judgment was warranted because the invoice proves that Pontchartrain owes it the amount shown therein, plus interest.[13] In opposition, Pontchartrain argued that summary judgment was premature because the parties had not exchanged any discovery.[14] Pontchartrain stated that it needed discovery to determine: who at Pontchartrain entered into the contract; whether it was written or

---

[5] R. Doc. 1-1 at 1.
[6] *Id.* at 1-2.
[7] *Id.*
[8] R. Doc. 1 at 3.
[9] *Id.* at 3-4.
[10] *Id.* at 3. Central Boat does not seek attorney's fees on its breach-of-contract claim, which makes sense because the invoice does not include an attorney's fees provision. *See* R. Docs. 1 at 4; 1-1 at 1-2.
[11] R. Doc. 12 at 2.
[12] R. Docs. 12; 13.
[13] R. Doc. 13-2 at 1-5.
[14] R. Doc. 14 at 1-5.

verbal; what the terms of that contract were and whether it was subject to customary practices; and whether the contract provided for interest and at what rate.[15] In reply, Central Boat argued that Pontchartrain should have already obtained the discovery and contended that the invoice, along with the supporting declaration of Central Boat's president Michael Patterson, were enough to sustain Central Boat's burden on summary judgment.[16] This Court denied Central Boat's first motion for summary judgment, finding that it was premature considering that discovery had not been conducted and Pontchartrain had pointed to factual issues that could be relevant to deciding the dispute posed in this case.[17]

## II. PENDING MOTION

On July 24, 2024, Central Boat filed the instant renewed motion for summary judgment supported by the same invoice and declaration submitted in conjunction with its first motion.[18] Central Boat again argues that summary judgment is warranted because the invoice and Patterson's declaration prove that Central Boat and Pontchartrain entered into a towage contract and that Pontchartrain has not paid the invoice for the towage services rendered pursuant to the contract.[19]

In opposition, Pontchartrain states that, although discovery has been conducted, Central Boat still fails to provide proof regarding the "agreed upon amounts, terms, contractual authority, or payment arrangements," or an interest rate, for the invoice at issue.[20] Pontchartrain further argues that Central Boat has not proved its open account claim because there is no proof that the alleged amounts owed are correct and there is no interest provision reflected on the invoice.[21]

---

[15] *Id.* at 4.
[16] R. Doc. 15 at 1-3.
[17] R. Doc. 16.
[18] *Compare* R. Doc. 22 *with* R. Doc. 12.
[19] R. Doc. 22-1 at 1-5.
[20] R. Doc. 23 at 1-3.
[21] *Id.* at 3.

3

### III. LAW & ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment

motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

**B. Breach of Contract**

Under the general maritime law, a towage contract arises by operation of law when one vessel is employed to expedite the movement of another. *Agrico Chem. Co. v. M/V Ben W. Martin,* 664 F.2d 85, 90 (5th Cir. 1981). "'As a general rule, admiralty law applies to all maritime

contracts.'"  1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 5:1 (6th ed. 2018) (quoting *Aqua-Marine Constructors, Inc. v. Banks,* 110 F.3d 663, 670 (9th Cir. 1997)); *see also LLOG Expl. Co. v. Signet Mar. Corp.,* 673 F. App'x 422, 425 (5th Cir. 2016) ("'When interpreting maritime contracts, federal admiralty law rather than state law applies.'" (quoting *Int'l Marine, L.L.C. v. Delta Towing, L.L.C.,* 704 F.3d 350, 354 (5th Cir. 2013))).  The elements of a breach-of-contract claim under federal maritime law are (1) a contract between the parties; (2) a breach of that contract; and (3) damages.  *FEC Heliports, LLC v. Hornbeck Offshore Operators, LLC*, 2016 WL 5678557, at *5 (E.D. La. Oct. 3, 2016) (citing 17A AM. JUR. 2d *Contracts* § 702 (2016)).  "It is fundamental contract law that a party that breaches a contract is liable for the damages caused by its failure to satisfy its contractual obligations."  *Tidewater Marine, Inc. v. Sanco Int'l, Inc.,* 113 F. Supp. 2d 987, 999 (E.D. La. 2000) (citing *Ogea v. Loffland Bros. Co.,* 622 F.2d 186, 189 (5th Cir. 1980)).

      Here, Central Boat has presented unrefuted summary-judgment evidence – specifically, the invoice and Patterson's declaration – proving that a maritime towage contract existed and was performed, and that Pontchartrain has not paid the invoice.  Patterson states in his declaration that Central Boat and Pontchartrain entered into a towage contract, Central Boat performed the towage services and sent to Pontchartrain on April 21, 2022, an invoice in the amount of $45,667.08, which has not been paid.[22]  These same facts are recited in Central Boat's statement of undisputed facts.[23]  Pontchartrain offers no summary-judgment evidence to refute these facts.  Instead, without citing any evidence, Pontchartrain asserts in its response to Central Boat's statement of undisputed facts that it has not been provided with a copy of a towage agreement and so is unaware of any

---

[22] R. Doc. 22-3.
[23] R. Doc. 22-4.

6

such agreement or its terms.[24] These bald statements ring hollow. *See* Fed. R. Civ. P. 56(c)(1)(A). Pontchartrain relies, without proof, on the supposition that there must have been a written contract when, in fact, a towage agreement can be, and in this instance very likely was, an oral agreement. Patterson's uncontroverted declaration is sufficient for Central Boat to sustain its summary-judgment burden on its breach-of-contract claim. Apart from its unavailing reference to a missing written towage contract, Pontchartrain contests neither the invoice nor its contents. Thus, Central Boat's motion is granted as to its breach-of-contract claim, and it is awarded the invoiced amount of $45,667.00.

Central Boat also seeks prejudgment interest "at the legal rate" on the unpaid invoice balance ($45,667.00) beginning from May 21, 2022, the date that Central Boat says the invoice became due.[25] "'As a general rule, prejudgment interest should be awarded in admiralty cases – not as a penalty, but as compensation for the use of funds to which the claimant was rightfully entitled.'" *Ziegler v. Subalipack (M) SDN BHD*, 2018 WL 2933349, at *10 (S.D. Tex. June 12, 2018) (quoting *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 728 (5th Cir. 1980)). The Fifth Circuit recognizes "the bedrock premise that an award for prejudgment interest in actions under the general maritime law is the rule rather than the exception," and that "prejudgment interest must be awarded unless unusual circumstances make an award inequitable." *Ryan Walsh Stevedoring Co. v. James Marine Servs., Inc.*, 792 F.2d 489, 492 (5th Cir. 1986). "Prejudgment interest in an action for breach of contract is allowable from the date the debt is due." *Am. Marine Tech, Inc. v. M/Y Alchemist*, 2022 WL 4345297, at *5 (S.D. Fla. Sept. 9, 2022) (citing *Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co.*, 320 F.3d 1260, 1279 (11th Cir. 2003)), *adopted,* 2022

---

[24] R. Doc. 23-1.

[25] R. Doc. 1 at 4. Given the amount of interest requested and the period for same specified by Central Boat, the Court has determined that the "legal rate" upon which Central Boat's request is based is the Louisiana judicial interest rate.

WL 4310894 (S.D. Fla. Sept. 19, 2022). Admiralty courts have broad discretion in setting the prejudgment interest rate and may look to state law for a fair level of compensation. *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 753 (5th Cir. 1985) (affirming use of state interest rate compounded daily to account for uncommonly high prime rates during the applicable period); *Platoro Ltd., v. Unidentified Remains of Vessel*, 695 F.2d 893, 907 (5th Cir. 1983) (observing that the particular interest rate lies within the district court's discretion after it evaluates the circumstances of the case). Here, the Court sees no reason not to award prejudgment interest at the Louisiana judicial interest rate as requested by Central Boat from May 21, 2022, until the date of judgment, which totals $6,384.01.

### C. Open Account

Louisiana law defines an "open account" as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La. R.S. 9:2781(D). "When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant ... when judgment on the claim is rendered in favor of the claimant." *Id.* 9:2781(A).

Pretermitting whether Louisiana's open account statute is applicable for other purposes, the only additional remedy it would afford in this case is attorney's fees. However, this is a maritime case, and "the general rule of maritime law that parties bear their own costs, coupled with the need for uniformity in federal maritime law, precludes the application of state attorneys' fee statutes ... to maritime contract disputes." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 406 (5th Cir. 2003); *see also Sea Link Cargo Servs. Inc. v. Marine Centre Inc.*, 380 F. App'x 460, 463 (5th Cir. 2010) ("Both parties mistakenly argue that they are entitled to

8

attorney's fees under the Louisiana Open Account Statute …. This is a maritime contract dispute, and 'maritime disputes generally are governed by the American Rule, pursuant to which each party bears its own costs.'" (alteration omitted) (quoting *Tex. A&M Rsch. Found.*, 338 F.3d at 405)). Thus, Central Boat is not entitled to attorney's fees under Louisiana's open account statute. *See Couvillion Grp., LLC v. Quality First Constr., LLC*, 2021 WL 860241, at *7-8 (E.D. La. Mar. 8, 2021) (holding that the creditor on a maritime contract could not recover attorney's fees under the Louisiana open account statute). And because Central Boat predicates its request on no other fee-shifting provision, whether a federal statute or its contract, it is not entitled to recover attorney's fees on any basis. *See, e.g., Cheramie Marine, LLC v. Freedom Well Servs., LLC*, 2015 WL 7306438, at *1 (E.D. La. Nov. 19, 2015) ("[U]nder general maritime law, in the absence of a federal statute or a provision for attorney's fees in an enforceable contract, litigants must pay their own attorney's fees.").

## IV.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Central Boat's motion for summary judgment (R. Doc. 13) is GRANTED, and Central Boat is awarded $45,667.08, plus prejudgment interest in the amount of $6,384.01.

New Orleans, Louisiana, this 9th day of August, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE